Citation Nr: 1331590 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 11-20 477 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a psychiatric condition, claimed as secondary to service-connected asbestosis.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel


INTRODUCTION

The Veteran had active duty service from February 1968 to January 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. In May 2013, the Board remanded the instant matter.

The Board notes that, in addition to the paper claims file, there is a paperless, electronic (Virtual VA) claims file associated with the Veteran's claim. A review of the documents in such file reveals a September 2013 Informal Hearing Presentation (IHP) submitted by the Veteran's representative as well as VA treatment records dated through July 2013; such records were considered in the August 2013 supplemental statement of the case (SSOC). 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, D.C. VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim for service connection so that he is afforded every possible consideration. 

Once the Secretary undertakes the effort to provide an examination when developing a service connection claim, even if not statutorily obligated to do so, he must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).
 
VA regulations provide that where an examination report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes. 38 C.F.R. § 4.2 (2012); see 38 C.F.R. § 19.9 (2012). Where the Board makes a decision based on an examination report which does not contain sufficient detail, remand is required "for compliance with the duty to assist by conducting a thorough and contemporaneous medical examination." Goss v. Brown, 9 Vet. App 109, 114 (1996); Stanton v. Brown, 5 Vet. App. 563, 569 (1993). 

The Veteran asserts that his psychiatric condition was caused or aggravated by his service-connected asbestosis, specifically that he felt depressed due to his physical limitations. In addition, he asserted in a June 2013 VA treatment note that he has suffered from anxiety since seeing a Russian ship while on a rescue mission in the Black Sea in 1968.

In accordance with the Board's May 2013 remand directives, an etiological opinion as to the claimed psychiatric condition was obtained in July 2013. The examiner indicated that the Veteran's major depressive disorder was not due to or caused by his military experience and that the medical records clearly noted that his depression was not due to asbestosis. The examiner reasoned that the Veteran's depression had been found to "biological" in nature in September 2009, that the Veteran did not seek treatment for depression until the early 1980s and that he had an extensive family history of depression. However, this examiner did not address whether the Veteran's psychiatric disorder was proximately caused or aggravated by his service-connected asbestosis. The examiner also failed to address the information and research identified by the Veteran's representative in its April 2013 IHP and as instructed by the Board's remand. In light of these deficiencies, the July 2013 VA opinion would be unlikely to survive judicial scrutiny. 

In addition, the Board notes that while the Veteran has been diagnosed with generalized anxiety disorder on multiple occasions during the course of the appeal, an etiological opinion as to this disorder has not been obtained. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (the requirement of a current disability is satisfied when the claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of the claim, even if the disability resolves prior to the adjudication of the claim); see also Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record). 

A remand by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. See Stegall v. West, 11 Vet. App. 268, 271 (1998). In Stegall, the Court held that "where ... the remand orders of the Board . . . are not complied with, the Board itself errs in failing to insure compliance." Id. In light of the deficiencies detailed above, this matter must be remanded to ensure compliance with the Board's previous remand and for an etiological opinion addressing all currently diagnosed psychiatric conditions.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). Expedited handling is requested.)

1. The Veteran should be afforded a VA examination, conducted by an appropriate examiner to determine the nature and etiology of his claimed psychiatric condition, to include major depressive disorder and generalized anxiety disorder, primarily claimed as secondary to service-connected asbestosis, found to be present. The examination should include a review of the Veteran's history and current complaints as well as a comprehensive evaluation and any tests deemed necessary.

Following a review of the claims file, the examiner is asked to furnish an opinion with respect to the following questions:

a) With regards to the diagnosed generalized anxiety disorder and major depressive disorder, the examiner is asked to address whether it is at least as likely as not (at least a 50 percent probability) that (i) the disorder was incurred, or first manifested, during the Veteran's period of active service from February 1968 to January 1970, or during the first post-service year or (ii) whether the condition is at least as likely as not otherwise etiologically related to his period of service. The examiner should also specifically address the information and research identified in the April 2013 IHP.

b) With regards to whether the Veteran's claimed psychiatric condition was secondary to his service-connected asbestosis, is it at least as likely as not (at least a 50 percent probability) that each currently diagnosed psychiatric disorder was proximately caused, or aggravated (i.e. permanently worsened) beyond its natural progress, by the service-connected asbestosis. The examiner should also comment on the August 2002 opinion from a VA examiner that the Veteran's psychiatric symptoms were in response to the chronic stressor of his "medical limitations," which were noted to include various nonservice-connected disabilities.

In answering each of the questions posed above, the examiner is advised that the Veteran is competent to report injuries and symptoms, and that his reports must be considered in formulating the requested opinion. 

A complete explanation should be given for each opinion expressed. In this regard, a discussion of the facts and medical principles involved would be considerable assistance to the Board.

2. After completing the above actions, to include any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).